UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIA R., SAMIULLAH R., AND EHSANULLAH R.,[1]

Petitioners,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-01565-TLN-EFB

**ORDER**

This matter is before the Court on Petitioners' Petition for Writ of Habeas Corpus. (ECF No. 1.) The Court previously granted Petitioners' Motion for Temporary Restraining Order ("TRO") and ordered their immediate release. (ECF No. 9.) The Court ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioners. (*Id.*) Respondents rested on the record. (ECF Nos. 7, 8.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who

[1] The Court omits Petitioners' full names to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

demonstrates their custody violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioners — a mother and two sons — are noncitizens who entered the United States without admission on December 16, 2024. (ECF No. 1.) Upon entering, Petitioners were detained by immigration authorities. (*Id.*) Petitioner Maria R. was paroled into the United States shortly after. (*Id.*) On January 6, 2025, Petitioner Samiullah R. was paroled into the United States. (*Id.*) On January 8, 2025, Petitioner Ehsanullah R. was paroled into the United States. (*Id.*) Thereafter Petitioners resided in the interior of the country. (*Id.*) On December 2, 2025, at a routine ICE check-in, immigration authorities apprehended Petitioners and placed them in detention, even though their parole had not yet expired (nor had they received notice of termination). (*Id.*) Petitioners were detained without notice or hearings to determine if any of them posed a flight risk or danger to the community. (*Id.*)

Petitioners claim their civil immigration detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment Due Process Clause. (*Id.*) Respondents argue Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF No. 7.)

As to Petitioners' statutory claims, the Ninth Circuit has confirmed Respondents' interpretation of § 1225(b)(2) is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioners who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioners were denied the process owed to those who are subject to § 1226(a). Respondents therefore violated § 1226(a) in Petitioners'

detention.

As to Petitioners' constitutional claims, the Court finds Petitioners possess a protected liberty interest and they were denied the process necessary to ensure any deprivation of those interests accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioners each developed a clear interest in their continued freedom protected by the Due Process Clause during their time living freely prior to their recent detention. Even if Petitioners are subject to removal or their freedom could be revoked by statute, their liberty interests are still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioners were owed notice and a pre-deprivation hearing before a neutral decisionmaker to determine whether their detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Having received neither, Petitioners' detention violated the Fifth Amendment Due Process Clause.

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus is GRANTED. (ECF No. 1.)

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioners, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring any Petitioner appears at future immigration proceedings outweighs that Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, the Petitioner shall be allowed to have counsel present.

3. The Clerk of Court shall enter judgment in favor of Petitioners and close this case.

IT IS SO ORDERED.

DATED: August 17, 2026

Troy L. Nunley
Chief United States District Judge